# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **OSIEL RODRIGUEZ,** | ) | **Civil Action No. 7:15cv00684** |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By: Norman K. Moon** |
| **C. RATLEDGE,** | ) | **United States District Judge** |
| **Respondent.** | ) | |

Osiel Rodriguez, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging his designation by the Federal Bureau of Prisons ("BOP") to the Administrative Maximum BOP Facility in Florence, Colorado ("ADX"). Respondent filed a motion for summary judgment and this matter is ripe for disposition.[1] For the reasons stated herein, I will grant respondent's motion for summary judgment.

## I.

Rodriguez alleges that he was denied due process before being placed at ADX in January 2016 after his third attempted escape from lower security facilities. Specifically, Rodriguez claims that the hearing administrator was not fair and impartial because he considered all three of Rodriguez's prior attempted escapes and "knowingly relied on an invalid, collaterally estopped disciplinary hearing officer's decision . . . as a basis for his ADX placement decision."

In 2003 and 2006, Rodriguez was found guilty of disciplinary infractions for attempting to escape from Federal Correctional Institution Coleman in Florida and United States Penitentiary ("USP") Atwater in California. After his second attempted escape, Rodriguez was sent to ADX for approximately 7 years. Rodriguez arrived at USP Lee in Virginia from ADX on August 6, 2013 and attempted to escape again on or about September 22, 2014.

---

[1] Respondent filed a motion to dismiss and attached a declaration and other documents, which I rely upon. Accordingly, I have converted respondent's motion to dismiss into a motion for summary judgment and given appropriate notice. Fed. R. Civ. P. 12(d).

On November 20, 2014, Rodriguez was charged with Disciplinary Code Violations 102(A): Attempted Escape, and 111(A): Attempted Introduction of Narcotics. On January 30, 2015, after a hearing, the Disciplinary Hearing Officer ("DHO") determined that Rodriguez did attempt escape but did not attempt to introduce narcotics, and sanctioned him to, *inter alia*, loss of good conduct time. Additional details of this disciplinary conviction are discussed in *Rodriguez v. Zych*, Civil Action No. 7:15cv00082 (W.D. Va. Feb. 11, 2016). In that case, Rodriguez challenged the disciplinary proceeding, arguing that the DHO hearing was precluded, and thus illegal, based on the doctrines of collateral estoppel and *res judicata*. On respondent's motion for summary judgment, I concluded that Rodriguez failed to exhaust administrative remedies before filing the action and that his claims were nevertheless meritless.[2]

After his third attempted escape, Rodriguez was referred for an ADX General Population Hearing before the Hearing Administrator. Rodriguez received notice of the hearing on August 3, 2015. The notice outlined Rodriguez's three prior attempted escapes and stated that his conduct "creates a risk to institution security and good order [and] poses a risk to the safety of staff, inmates or others, or to public safety." It also noted that Rodriguez demonstrated that he "is unable to function in a less restrictive correctional environment." A hearing was conducted on August 5, 2015 and Rodriguez participated in it by making a statement and submitting

---

[2] To the extent that Rodriguez may be attempting to challenge this disciplinary conviction again in the instant action, he is barred by the doctrines of collateral estoppel and *res judicata*. Collateral estoppel, or issue preclusion, bars subsequent litigation of legal and factual issues common to an earlier action that were "actually and necessarily determined" in the first litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir. 1988). Thus, "collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks omitted).

*Res judicata*, or claim preclusion, provides that if a claim arises from the same cause of action as a claim already litigated, then the judgment in the first action bars litigation of the second claim. *See Nevada v. United States*, 463 U.S. 110, 129-30 (1983). Thus, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

documentary evidence. The Hearing Administrator determined that Rodriguez met the criteria for placement at ADX and Rodriguez acknowledged receipt of the Hearing Administrator's written report on August 10, 2015. Rodriguez appealed the ADX placement decision to no avail.

The BOP's general population units at ADX are designed for male inmates who have demonstrated an inability to function in a less restrictive environment without being a threat to others, or to the secure and orderly operation of the institution. Wardens refer inmates to ADX by submitting proposed cases to the BOP's North Central Regional Director. A referral packet is generated which contains the Warden's memorandum citing the specific rationale supporting the recommendation, copies of all disciplinary reports, investigative materials, or other official documentation related to the behavior prompting the referral, a current progress report, a copy of the inmates latest Presentence Investigation Report, and a recent psychiatric or mental health evaluation. The North Central Regional Director has final review authority for referrals to the ADX general population unit. After a referral to ADX has been made, BOP policy provides that the inmate should receive notice of the transfer hearing, an opportunity to participate in the hearing, a written recommendation by the hearing officer, and administrative review of the regional director's decision through the remedy process.

Rodriguez filed this habeas petition, alleging that: 1) the Notice of ADX Referral Hearing listed all three of his escape attempts, without identifying "which one triggered the ADX hearing referral," and, thus, "tainted" his "chances of a fair and impartial consideration for ADX placement"; and 2) the Hearing Administrator's "sense of impartiality" toward Rodriguez was questionable because he was "intimate[ly]" familiar with the circumstances surrounding the disciplinary proceedings for Rodriguez's third attempted escape. As relief to his petition, Rodriguez seeks a declaration that the ADX referral hearing was invalid.

Rodriguez filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the proper method for a prisoner to challenge the conditions of that confinement. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499; *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); *Moore v. Driver*, No. 1:07cv166, 2008 U.S. Dist. LEXIS 85896, at *7, 2008 WL 4661478, at *3 (N.D. W. Va. Oct. 21, 2008) (a claim regarding custody classification cannot be raised in the context of a § 2241 petition). If a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 or *Bivens* is the appropriate vehicle. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005). "[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to [*Bivens*]." *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006); *Valenteen*

4

*v. Driver*, No. 1:08cv89, 2009 U.S. Dist. LEXIS 12943, at *5, 2009 WL 304835, at *2 (N.D.W.V. 2009).

In his § 2241 petition, Rodriguez does not allege any ground on which he is entitled to a shorter term of confinement. Because the core of his complaint is clearly not concerning the fact or duration of his incarceration, his claim is not properly before me as a habeas claim under § 2241.

## III.

In an appropriate case, a habeas petition may be construed as a civil rights complaint. *See Johnson v. Matevousian*, No. 1:15cv600, 2016 U.S. Dist. LEXIS 28947, at *8, 2016 WL 8201061, at *3 (E.D. Cal. Mar. 7, 2016). In this case, I have jurisdiction over Rodriguez's due process claims as raised in an action pursuant to *Bivens*. However, Rodriguez's allegations are insufficient to state a claim against the named defendant. *See West v. Atkins*, 487 U.S. 42 (1988) (to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law). Even if Rodriguez named and alleged facts against a proper defendant, his allegations nevertheless fail to state a claim.[3]

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law. U.S. Const. amend. V. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the penological context, not every deprivation of liberty at the hands of prison

---

[3] I note that the respondent/defendant does not specifically refer to *Bivens* in his motion for summary judgment, but he does address the merits of a Fifth Amendment due process claim and whether Rodriguez has a liberty interest in his transfer to ADX.

5

officials has constitutional dimension because incarcerated persons retain only a "narrow range of protected liberty interests." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). "[B]efore [a prisoner] can cry foul as to inadequate process, he must identify a liberty interest in avoiding transfer" to ADX. *McAdams v. Wyoming Dept. of Corr.* 561 F. App'x 718, 720 (10th Cir. 2014) (citing *Wilkinson*, 545 U.S. at 221, and *Rezaq v. Nalley*, 677 F.3d 1001, 1016 (10th Cir. 2012)). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. A protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 223. Rodriguez does not allege, and the record does not indicate, that his transfer to ADX imposes an atypical and significant hardship compared to the ordinary incidents of prison life. Further, courts have long held that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Instead, 18 U.S.C. § 3621(b) provides the BOP with broad discretion to choose the location of an inmate's imprisonment. *Newbold v. Stansberry*, No. 1:08cv1266, 2009 U.S. Dist. LEXIS 1941, at *10, 2009 WL 86740, at *3 (E.D. Va. 2009) (citing *Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006)). Because Rodriguez has not demonstrated a liberty interest in his referral to ADX, no due process protections were required before he was transferred to ADX. Finding no genuine dispute as to any material fact, I will grant defendants' motion for summary judgment.[4]

---

[4] A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317,

6

**ENTER**: This <u>23rd</u> day of February, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. *Id.* at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). In adjudicating a motion for summary judgment, a court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

7